HON JOSEPH A. SPANO Corporation Counsel, Port Jervis
This is in response to your letter wherein you ask for an opinion of the Attorney General whether or not you as the Corporation Counsel of the City of Port Jervis or an Assistant Corporation Counsel of the City of Newburgh may simultaneously serve on the Board of Trustees of the Orange County Legal Aid Society in view of the provisions of Family Court Act, § 254 (a).
Family Court Act, § 254 (a), provides:
 "(a) The family court or the appropriate appellate division of the supreme court may request the appropriate corporation counsel or county attorney to present the case in support of the petition
when, in the opinion of the family court or appellate division such presentation will serve the purposes of the act. When so requested, the corporation counsel or county attorney shall present the case in support of the petition and assist in all stages of the proceedings, including appeals in connection therewith." (Emphasis supplied.)
As you know, attorneys working for a county legal aid society represent, from time to time, petitioners and respondents in the Family Court.
In People ex rel. Ryan v. Green, 58 N.Y. 295 (1874), a landmark case on the subject of incompatibility of offices, Judge Folger stated:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law. * * *" (Emphasis supplied.)
In view of the provisions of Family Court Act, § 254 (a), we conclude that the holding of the office of Corporation Counsel of the City of Port Jervis or Assistant Corporation Counsel of the City of Newburgh, and the office of member of the Board of Trustees of the Orange County Legal Aid Society by the same person at the same time creates an incompatibility of offices.